IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YIMOE NITYA SIDDHA, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PJM-23-2104 |
| OFFICE OF THE ATTORNEY GENERAL, and | * | |
| COURT REPORTERS' OFFICE, | * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM

On August 3, 2023, self-represented Petitioner Yimoe Nitya Siddha, currently incarcerated at Maryland Correctional Institution – Jessup, filed a document styled "Writ of Mandamus – Motion to Compel Defendants to Surrender Plaintiff's Entire Sentencing Transcript." ECF No. 1. Siddha asks this Court to compel the production of documents and transcripts related to his state criminal case. *Id.* at 2-3. The matter was construed and initiated as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Siddha also filed a Motion for Leave to Proceed in Forma Pauperis, which shall be granted. ECF No. 2. For the reasons that follow, however, the case must be dismissed.

To the extent Siddha asks this Court to compel certain actions by the county and/or its agents, the action is akin to a petition for a writ of mandamus.[1] *See* 28 U.S.C. § 1361. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform

---

[1] Siddha also requests $25,000 in "reasonable expenses." ECF No. 1 at 4. This does not appear to be a request for money damages, and Siddha has not made any allegations to indicate an intent to file a suit for damages. To the extent that Siddha believes his constitutional rights were violated, he may seek money damages via a civil rights suit pursuant to 42 U.S.C. § 1983.

a duty owed to a petitioner. However, this Court has no mandamus jurisdiction over county or state employees, including the respondent in this case. *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Siddha also filed a Motion to Appoint Counsel, ECF No. 5, and a motion styled "Motion to Grant Plaintiff Relief Under Mandamus Rules," which appears to reiterate the issues raised in the initial filing, ECF No. 7. As the case shall be dismissed, these motions will be denied as moot.

A separate Order follows.

10/12/23
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

2